IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VILI LAFOIA AVA, | ) | CIVIL NO. 12-00471 LEK-KSC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS |
| vs. | ) | ACTION |
| | ) | |
| FBI; JOHN O'CONNELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

<u>FINDINGS AND RECOMMENDATION TO DISMISS ACTION</u>

Plaintiff Vili Ava ("Plaintiff") commenced this action on August 20, 2012.  Plaintiff thereafter filed a number of letters requesting, among other things, that the United States Marshals serve the Complaint and that the action be stayed in favor of an action he filed in California.  The Court denied Plaintiff's request for service and directed that he file an appropriate motion if he wished to stay the action.  Doc. No. 13.  The Court additionally instructed Plaintiff that any requests should be presented in the form of a motion.  <u>Id.</u>  Plaintiff continued to submit requests in letter form.  The Court again directed

Plaintiff to present all requests in the form of a motion and cautioned that his failure to comply with the Court's orders might result in the imposition of sanctions.  Doc. No. 16.

On November 19, 2012, Plaintiff failed to appear at the Rule 16 Scheduling Conference. Consequently, the Court issue an Order to Show Cause ("OSC") why this case should not be dismissed for failure to serve the Complaint, failure to appear at the Rule 16 Scheduling Conference, and failure to file a Rule 16 Scheduling Conference Statement.  Plaintiff was cautioned that Local Rule 11.1 provides a basis to impose sanctions, including but not limited to fines, dismissal, and/or other appropriate action.

On November 19, 2012, Plaintiff submitted yet another letter requesting a stay in the case.  The Court denied the request, noting that it failed to comply with the requirements set forth in the applicable Local Rules, and again cautioning Plaintiff that his repeated disregard of the Court's orders may result in the imposition of sanctions and may serve as

2

an additional basis to dismiss the case.  Doc. No. 20.

On November 29, 2012, Plaintiff filed a Response to the OSC.  The Response did not comply with the Local Rules and did not explain Plaintiff's failures.

At the December 17, 2012 OSC hearing, Plaintiff represented that he served the Complaint.  The Court directed that he properly serve Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure ("FRCP") and granted him leave until January 15, 2013 to do so. The Court warned Plaintiff that his failure to comply with this deadline may result in the dismissal of the case.

There being no evidence in the record to date that Plaintiff has effected proper service upon Defendants, the Court recommends that this action be dismissed.

Courts do not take failures to comply with Court orders or failures to prosecute lightly.  FRCP 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a

3

court order." Fed. R. Civ. P. 41(b).  Unless the Court
in its order for dismissal otherwise specifies, a
dismissal under this rule operates as an adjudication
upon the merits.  See id.

Here, dismissal is appropriate given
Plaintiff's failure to Comply with multiple Court
orders and failure to prosecute.  The Court, after
considering the five dismissal factors set forth in
Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.
2002),[1] finds that they weigh in favor of dismissal.

The public interest in expeditious resolution
of this litigation and the Court's interest in managing
the docket strongly weigh in favor of dismissal.  Id.
(quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990

_____

[1]   The Ninth Circuit has delineated five factors a
district court must weigh in determining whether to
dismiss a case for failure to comply with a court
order: "(1) the public's interest in expeditious
resolution of litigation; (2) the court's need to
manage its docket; (3) the risk of prejudice to
defendants/respondents; (4) the availability of less
drastic alternatives; and (5) the public policy
favoring disposition of cases on their merits."
Pagtalunan, 291 F.3d at 642.

(9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted).  The Court, not Plaintiff, should control the pace of the docket.  Yourish, 191 F.3d at 990; Paqtalunan, 291 F.3d at 642.

The lack of availability of less drastic alternatives also supports dismissal.  The Court has directed Plaintiff to comply with all applicable rules no less than three times, all the while cautioning that sanctions might be imposed for his continued violation of the rules and Court orders.  Yet Plaintiff has repeatedly demonstrated that he is unwilling and/or unable to comply with Court directives and/or the rules.  Plaintiff's pro se status does not excuse his compliance with all applicable rules, statues and orders.  Local Rule 83.13.  Thus, the Court believes that it is left with no choice but to dismiss.

Moreover, Defendants will suffer prejudice if this case continues without service being effected. Plaintiff's inaction has impaired Defendants' ability

to proceed to trial and threatens to interfere with the rightful decision of the case.  <u>Pagtalunan</u>, 291 F.3d at 642.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed for failure to serve, failure to prosecute, and failure to comply with Court Orders.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 29, 2013.



_____
Kevin S.C. Chang
United States Magistrate Judge


CV 12-00471 LEK-KSC; <u>AVA v. FBI, ET AL.</u>; FINDINGS AND RECOMMENDATION TO DISMISS ACTION